**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMINIC JARRELL MCLAURIN | : | |
| | : | |
| Appellant | : | No. 804 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 2, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000650-2016

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 22, 2019**

Dominic Jarrell McLaurin appeals from his judgment of sentence, imposed on May 2, 2018, following a jury trial resulting in convictions for possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and criminal use of a communications facility.[1] In addition, appointed counsel, Matthew Welickovitch, Esq., seeks to withdraw from his representation of McLaurin pursuant to **Anders v. California**, 386 U.S. 738 (1967). We conclude that Attorney Welickovitch's **Anders** brief is deficient. Therefore, we deny counsel's petition to withdraw and direct counsel to file either a compliant **Anders** brief or an advocate's brief.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (32), (30), and 35 P.S. § 7512(a), respectively.

We derive the following statement of facts and procedural history, briefly summarized for background, from the trial court's opinions. **See** Tr. Ct. Suppression Op., 4/11/17; Tr. Ct. Pa.R.A.P. 1925(b) Op., 9/24/18. On January 6, 2016, Troopers Tyson Havens and Edward Dammer of the Pennsylvania State Police were on patrol in Williamsport when they encountered McLaurin in a black Chevy Impala sedan in the parking lot of a Nittany Minute Mart. McLaurin, along with another man, were rummaging around in the vehicle that had both doors open. The troopers, surmising that McLaurin and the other individual were looking for drugs, pulled into a parking spot next to the Chevy Impala. When Trooper Havens approached the vehicle, McLaurin was in the driver's seat and the other individual was already inside the convenience store. Trooper Havens questioned McLaurin regarding the registration of the vehicle and whether he had "dropped a joint[.]" McLaurin denied that accusation and instead asserted that he had dropped paperwork.

Trooper Havens also indicated that he smelled marijuana, but McLaurin denied having any in the car. At this point, Trooper Dammer, who was standing at the front passenger window, directed McLaurin to lower the passenger window. After the window was lowered, Trooper Dammer also stated that he smelled marijuana. Before he could inquire further, the troopers noticed that the second individual, who had gone into the convenience store, was attempting to briskly walk away. Trooper Dammer pursued the individual but to no avail. Thereafter, Trooper Dammer returned to the scene, parking directly behind the Chevy Impala.

Trooper Havens continued to question McLaurin and request identification, while Trooper Dammer reiterated that he smelled marijuana. Trooper Dammer proceeded to lean into the passenger side of the vehicle, so that his upper body was inside the car. It was from this position that Trooper Dammer discovered eight packets of heroin in the front passenger door, but no marijuana was found. The troopers removed McLaurin from the vehicle, and searched and handcuffed him. Attendant to the search, they seized $1,626.00 in cash and a cell phone. After obtaining a warrant, Trooper Havens discovered incriminating information on the cell phone.

McLaurin was charged with the aforementioned offenses, and prior to trial, he filed a pretrial motion seeking to suppress the heroin and cell phone discovered in the car. The trial court denied McLaurin's suppression motion, determining that both troopers had probable cause to search McLaurin's car. McLaurin also filed a motion to preclude the admission of certain records from prison "intake" forms regarding whether he had engaged in "street drug" use. McLaurin's arguments centered on hearsay and relevance contentions. The trial court also denied this motion.

After a jury convicted McLaurin in February 2018, the trial court imposed an aggregate sentence of three to ten years' incarceration. The instant timely appeal followed.[2] In his court-ordered Pa.R.A.P. 1925(b) statement, McLaurin sets forth two issues on appeal: 1) Whether the trial court erred by denying

---

[2] We note that this appeal was vacated and reinstated, twice, by this Court due to the failure of the defense to file a timely docketing statement.

his suppression motion, and 2) Whether the trial court erred by admitting certain evidence procured during his intake at the Lycoming County Prison. The trial court issued a responsive Pa.R.A.P. 1925(a) opinion, which also referred to the court's earlier opinion issued in support of the court's denial of McLaurin's suppression motion.

In this Court, Attorney Welickovitch has filed an **Anders** brief, raising a single issue that McLaurin might seek to raise: "Whether the trial court's factual findings were supported by the record, and thus the trial court misapplied the law and erred in denying McLaurin's motion to suppress?" **See** Welickovitch's **Anders** Br. at 7.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa.Super. 2014).

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720–21 (Pa.Super. 2007) (citations omitted).

In the instant matter, Attorney Welickovitch has supplied McLaurin with a copy of his ***Anders*** brief and a letter explaining the rights enumerated in ***Nischan***.[3] However, Attorney Welickovitch's ***Anders*** brief does not comply with the above-stated requirements.

_____

[3] McLaurin has not filed a response to counsel's ***Anders*** brief.

- 5 -

First, although he does provide the requisite summary of facts, counsel fails to provide a single citation to the record. ***See Santiago***, 978 A.2d at 361. Moreover, Attorney Welickovitch fails to articulate why he believes that McLaurin's claims are frivolous. ***See id.*** Indeed, counsel's ***Anders*** brief more closely resembles an advocate's brief by closely detailing McLaurin's potential suppression claim but failing to state counsel's reasoning for concluding that the issue is frivolous. ***See*** Welickovitch's ***Anders*** brief at 14-18. Next, and perhaps most critically, counsel fails to discuss McLaurin's potential second issue on appeal, regarding the admission of certain intake records, entirely. Instead, this Court is left to surmise that counsel finds the potential second issue wholly frivolous, without the requisite discussion and analysis by counsel. This conjecture we decline to undertake. ***See Santiago***, 978 A.2d at 361; ***Wrecks***, 931 A.2d at 720–21.

In light of our foregoing analysis, we conclude that counsel's brief fails to meet the mandates of ***Anders***, as further clarified in ***Santiago***. Accordingly, we deny Attorney Welickovitch's petition to withdraw without prejudice to re-file such a petition.

We remand this case and direct counsel to file, within sixty days of the date of this memorandum, either an advocate's brief or a proper ***Anders*** brief and petition to withdraw. Thereafter, the Commonwealth shall have sixty days to respond.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.